**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Preston Stage and Elizabeth Stage, husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>Kevin Stage and Kala Stage, husband and wife; et al.,<br><br>Defendants. | No. CV11-0936-PHX-DGC<br><br>**ORDER** |

The Court has before it a motion for partial summary judgment (Docs. 43, 45, 49), a motion to strike (Docs. 50, 59, 64), and a motion for summary judgment (Docs. 61, 67, 71).[1] Plaintiff David Reaves has moved for partial summary judgment against Defendant Taurus International Manufacturing, Inc. ("Taurus"). Doc. 43. Plaintiff filed a statement of facts ("SOF") in support of the motion for partial summary judgment. Doc. 44. Taurus responded to Plaintiff's SOF and filed its own SOF. Doc. 46. Plaintiff has moved to strike Taurus's response and SOF. Doc. 50. Taurus has moved for summary judgment. Doc. 61. The motions are fully briefed. For the reasons that follow, the Court will deny Plaintiff's motion for partial summary judgment and motion to strike, and grant in part and deny in part Taurus's motion for summary judgment (Doc. 61).[2]

---

[1] Bankruptcy Trustee David Reaves has been substituted for Plaintiffs Preston and Elizabeth Stage and will be referred to as the Plaintiff in this order. Doc. 60.

[2] Parties' requests for oral argument are denied because the issues are fully briefed and argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b).

## I. Background.

Defendant Kevin Stage ("Kevin") acquired a Taurus Judge revolver, model M 4510 4" SS (the "Judge revolver"). Doc. 1-1, at 24. The Judge revolver is designed to fire both .45 Colt handgun cartridges and .410 gauge shot shells manufactured to the specifications of the Sporting Arm and Ammunition Manufacturers Institute ("SAAMI"). Doc. 45, at 2. Defendants Taurus and Dakota Ammo, Inc. ("Dakota Ammo") are members of SAAMI. Doc. 1-1, at 25. SAAMI is the governing body of the firearms and ammunition industry, and sets voluntary performance standards for the pressure and velocity of rifle, shotgun, and pistol arms and ammunition. *Id.* High velocity .45 Colt ammunition, sometimes referred to as "Plus-P" or "+P" ammunition, generates pressures that exceed the margin of safety built into the Judge revolver. *Id.* at 24.

On May 2, 2009, Kevin loaded the Judge revolver with +P .45 Colt ammunition manufactured by Dakota Ammo, in addition to ordinary .45 Colt ammunition and .410 shot shells. Doc. 1-1, at 26. Kevin then handed the Judge revolver to his brother, Preston Stage ("Preston"), to fire. *Id.* When Preston fired the Judge revolver, it exploded and injured his hands and genitalia. Doc. 43, at 4. Plaintiff's complaint alleges four claims: (1) negligence against all defendants, (2) failure to warn against Taurus, (3) failure to warn against Dakota Ammo, and (4) loss of consortium against all defendants. Doc. 1-1, at 27-31.

## II. Plaintiff's Motion for Partial Summary Judgment.

Plaintiff moves for partial summary judgment against Taurus as to "Counts One, Two, and Three" of the complaint. Doc. 43, at 9. The Court construes the motion as requesting partial summary judgment on Counts One, Two, and Four of the complaint, because Count Three alleges a claim against Dakota Ammo, not Taurus. Doc. 1-1.

### A. Legal Standard for Summary Judgment.

A party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Only disputes over facts that might affect the outcome of the suit will preclude the entry of summary judgment, and the disputed evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Arizona substantive law applies under the *Erie* doctrine. *Beesley v. Union Pac. R.R. Co.*, 430 F. Supp. 2d 968, 970 (D. Ariz. 2006).

**B. Negligence.**

To establish a claim for negligence, a plaintiff must prove (1) a duty requiring the defendant to conform to a certain standard of care, (2) a breach of that duty by the defendant, (3) a causal connection between the defendant's conduct and the resulting injury, and (4) actual damages. *Gibson v. Kasey*, 150 P.3d 228, 230 (Ariz. 2007) (en banc).

Plaintiff argues that "manufacturers and other suppliers have a duty to users, consumers, and to the general public to produce products with appropriate warning instructions and other safety features." Doc. 43, at 6. Plaintiff alleges that the Judge revolver "is manufactured and distributed by Taurus for sale and use by consumers." Doc. 44-1, at 17, ¶ 10. Taurus argues in its response that "[b]ecause [Taurus] is not the manufacturer of the Judge [revolver], [Taurus] does not owe a duty to Preston." Doc. 45, at 5. Despite Taurus's contention that it did not manufacture the revolver, it admitted in its answer to Plaintiff's complaint that it owed a duty of care to Preston. In Count One of the complaint, Plaintiff alleges that "Defendants owed [Preston and his wife] a reasonably duty of care." Doc. 44-1, at 20, ¶ 39. In Taurus's answer, "[o]n its own behalf, [Taurus] admits the allegations in the following paragraphs in Plaintiff's Complaint: 11-14, 21, 39, and 45-46." Doc. 44-1, at 26, ¶ 1. Plaintiff need offer no proof in support of such allegations in the complaint as are admitted to be true by the

answer. Thus, there is no dispute that Taurus owed a duty of care to Preston and his wife.

Plaintiff next argues that Taurus breached its duty of care by failing to provide a proper warning with regard to the type of ammunition that can be fired safely in the Judge revolver. Doc. 43, at 7. Plaintiff cites a June 2008 *American Hunter* article and a November 2008 *Ultimate Gun Guide* article, both stating that "Taurus says The Judge can be used on a limited basis with +P .45 Colt ammo[,]" and asserts that both articles were posted on the Taurus website. Doc. 44, at 3-4, ¶¶ 7, 8, 12, 13; Doc. 44-1, at 34 (Ex. D); Doc. 44-2, at 11 (Ex. E). Taurus does not deny the existence of these statements, but disputes that an authorized Taurus representative made them. Doc. 46, at 2-3, ¶¶ 8, 13. Taurus also disputes that these articles are posted on its website. Doc. 46, at 2-3, ¶¶ 7, 12. Thus, there is a dispute of fact as to what representations were contained on the Taurus website.

Plaintiff further argues that Taurus' warnings were inadequate because the manual it provides contains only a generic table listing ammunition specifications that can be used with the Judge revolver, but does not warn users about high-velocity +P .45 Colt ammunition. Doc. 43, at 7. Taurus responds that it had no duty and no way to warn of each specific load that was improper for use with the Judge revolver. Doc. 45, at 6.

"Determining whether a warning is adequate to apprise users of dangers in the product is ordinarily a question for the trier of fact." *Piper v. Bear Med. Sys., Inc.*, 883 P.2d 407, 414 (Ariz. App. 1993). Based on the record, the Court cannot say as a matter of undisputed fact that the warnings were inadequate. *See Dole Food Co., Inc. v. N. Carolina Foam Indus., Inc.*, 953 P.2d 876, 880 (Ariz. App. 1996). The Court will therefore deny Plaintiff's motion for summary judgment on the negligence and failure to warn claims.

**C.     Strict Liability/Failure to Warn.**

Plaintiff's complaint alleges negligence, failure to warn, and loss of consortium against Taurus. Doc. 44-1, at 16-24. Plaintiff appears to assert a strict liability theory for the first time in the motion for summary judgment. Doc. 43, at 5. Plaintiff's failure to

warn claim, however, can be construed as an assertion of strict liability.

To establish a prima facie case for strict products liability in Arizona, "a plaintiff must show that the product was in a defective condition (when it left the defendant's hands), that the defect made the product unreasonably dangerous, and that the defect was a proximate cause of plaintiff's injuries." *Sw. Pet Prods., Inc. v. Koch Indus., Inc.*, 273 F. Supp. 2d 1041, 1051 (D. Ariz. 2003). Strict liability is found only where the defective condition causes the product to be unreasonably dangerous. *Id.* A product that is faultlessly made may be defective if it is unreasonably dangerous to place the product in the hands of a user without a suitable warning. *Brown v. Sears, Roebuck & Co.*, 667 P.2d 750, 757 (Ariz. App. 1983).

In his failure to warn claim, Plaintiff alleges that Taurus failed adequately to warn consumers that the Judge revolver cannot safely fire high velocity, or +P .45 Colt ammunition, that this lack of proper warning made the Judge revolver defective and unreasonably dangerous, that the lack of proper warning existed at the time the Judge revolver left Taurus's control, and that Plaintiff was injured as a result. Doc. 1-1, at 6-7, ¶¶ 48-53. These factual allegations correspond to the elements of strict products liability. The Court will therefore consider Plaintiff's failure to warn claim as a strict liability assertion.[3]

Taurus argues that the Judge revolver was not unreasonably dangerous because the manufacturer provided an adequate warning of the dangers of loading the revolver with improper ammunition. Doc. 45, at 7. As with Plaintiff's negligence claim, however, the adequacy of a warning is an issue for the trier of fact. *See Piper*, 883 P.2d at 414; *Dole Food Co.*, 935 P.2d at 880. The Court will deny Plaintiff's motion for summary judgment on the failure to warn, or strict liability, claim.

---

[3] The Court also notes that Taurus does not argue that strict liability is not asserted in the complaint. Taurus instead responds to the merits of Plaintiff's strict liability arguments.

### D. Loss of Consortium.

Loss of consortium is a derivative claim, and all elements of the underlying cause must be proven before the claim can exist. *Barnes v. Outlaw*, 964 P.2d 484, 487 (Ariz. 1998). Plaintiff has not shown that he is entitled to summary judgment on the underlying claims. The Court will deny their motion for summary judgment on the loss of consortium claim.

### III. Plaintiff's Motion to Strike.

Plaintiff has filed a document titled "Plaintiffs' Reply, Objections, and Motion to Strike Defendant's Response to Plaintiffs' Separate Statement of Facts and Plaintiffs' Response, Objections, and Motion to Strike Defendant's Additional Statement of Facts." Doc. 50. The Court construes this as a motion to strike certain portions of Taurus's response to Plaintiff's separate SOF and Taurus's SOF (Doc. 46).

Plaintiff's motion to strike (Doc. 50) violates LRCiv 7.2(m)(2) both as it read at the time of Plaintiff's filing and as it reads now. At the time of Plaintiff's filing on October 24, 2011, LRCiv 7.2(m)(2) read, in relevant part:

> An objection to the admission of evidence offered in support of or opposition to a motion must be presented in the objecting party's responsive or reply memorandum (or, if the underlying motion is a motion for summary judgment, in the party's response to another party's separate statement of material facts) and not in a separate motion to strike or other separate filing. Any response to the objection must be included in the responding party's reply memorandum for the underlying motion and may not be presented in a separate responsive memorandum.

LRCiv 7.2(m)(2). Plaintiff filed a separate SOF (Doc. 44) in support of his motion for partial summary judgment (Doc. 43). Taurus then filed a two-part document: (1) a response (objection) to Plaintiff's SOF, and (2) its own SOF to support its opposition to Plaintiff's motion (Doc. 46). Plaintiff's response to Taurus's objection should have been included in his reply memorandum for the underlying motion for partial summary judgment. Plaintiff may raise objections in response to Taurus's SOF, but may

not move to strike evidence he believes to be inadmissible. *See Pruett v. Arizona*, 606 F. Supp. 2d 1065, 1074 (D. Ariz. 2009) ("LRCiv 7.2(m)(2) permits Defendants to object in their response to Plaintiff's separate statement of material facts, but they are not permitted to move to strike the alleged facts or exhibits."). The motion to strike (Doc. 50) likewise violates the currently effective version of LRCiv 7.2(m)(2).[4] The Court will deny Plaintiff's motion to strike.

**IV.  Taurus's Motion for Summary Judgment.**

Taurus moves for summary judgment on Plaintiff's negligence, strict liability, failure to warn, and punitive damages claims. As noted above, Plaintiff's failure to warn claim is construed as an assertion of strict liability. The Court will apply the same legal standard for summary judgment set forth above.

   **A.  Negligence and Strict Liability / Failure to Warn.**

Taurus argues that no act or omission by Taurus proximately caused Preston's injuries, that Taurus cannot be liable for the warning defect claim, and that Taurus was not negligent when it passed on the manufacturer's warning. Doc. 61, at 5-10. Taurus reiterates the same facts in support of each argument: that Kevin loaded the Judge revolver with "high velocity" ammunition, not +P ammunition; that the manual accompanying the Judge revolver clearly states that "high velocity" ammunition should not be fired in the revolver; and that Plaintiff has failed to present any evidence that the warning in the manual was insufficient.

The record is not clear as to whether Kevin loaded the Judge revolver with +P .45 Colt ammunition. In his deposition, Kevin stated: "I wasn't using Plus-Ps. I thought I was using Plus-Ps, but that was before I realized that they weren't Plus-Ps. They're not

---

[4] Effective December 1, 2011, LRCiv 7.2(m)(2) reads, in relevant part: "If the underlying motion is a motion for summary judgment, an objection may be included in a party's response to another party's separate statement of material facts in lieu of (or in addition to) including it in the party's responsive memorandum, but any objection in the party's response to the separate statement of material facts must be stated summarily without argument. Any response to an objection must be included in the responding party's reply memorandum for the underlying motion and may not be presented in a separate responsive memorandum."

marked Plus-Ps on the gun or on the cartridge." Doc. 61-5, at 25 (Kevin Stage Depo. 146:1-5). Kevin knew that the CorBon ammunition he used was "high velocity" because it was so marked on the box. Doc. 61-5, at 19 (Kevin Stage Depo. 112:7-13). Plaintiff responds that "it does not matter what one calls the ammo, it matters how much pressure the ammo generates." Doc. 67, at 8. He argues that Taurus's attempt to draw a distinction between +P and high velocity ammunition is disingenuous because Taurus uses the labels interchangeably. *Id.* The product manual that accompanied the Judge revolver read: "'Plus-P,' 'Plus-P-Plus' or other ultra or high velocity ammunition generates pressures significantly in excess of the pressures associated with standard ammunition." Doc. 61-1, at 3, ¶ 13; Doc. 61-6, at 9 (Ex. E). Plaintiff alleges that CorBon also markets its ammunition as if +P and high velocity are interchangeable. Doc. 67, at 9. Both "+P" and "high velocity" appear on the boxes of CorBon ammunition. Doc. 68, at 12, ¶¶ 36-38; Doc. 68-4, at 6-17 (Ex. J, K, L). Kevin testified that he thought "high velocity stood for Plus-P" and that he remembered that "Plus-P is high velocity." Doc. 68-1, at 19-20 (Kevin Stage Depo. 146:22-23, 147:5-6). Plaintiff does not have possession of the fired cartridge that was used in the Judge revolver at the time of the incident. Doc. 61-1, at 3, ¶ 12; Doc. 61-5, at 4 (Kevin Stage Depo. 45:15-16) ("Q: Did he ever find the damaged cartridge cases? A: No, he didn't."). The record indicates the existence of a genuine factual dispute as to the ammunition used in the Judge revolver and the interchangeability of +P and high velocity ammunition.

Emphasizing the distinction between +P and high velocity ammunition, Taurus claims that the manual accompanying the Judge revolver clearly warned against the use of high velocity ammunition. The relevant excerpt of the manual reads: "'Plus-P,' 'Plus-P-Plus' or other ultra or high velocity ammunition generates pressures significantly in excess of the pressures associated with standard ammunition. Such pressures may affect the useful life of the firearm or exceed the margin of safety built into many revolvers and could therefore be DANGEROUS." Doc. 61, at 6. Taurus argues that this statement "explicitly warns users not to load <u>any</u> high velocity ammunition in the revolver" (*id.*

at 8), and that the *American Hunter* and *Ultimate Gun Guide* articles do not dilute this warning because they mention +P ammunition but not high velocity ammunition (*id.* at 7). As discussed above, Plaintiff disagrees that there is a real distinction between +P and high velocity ammunition. Plaintiff responds that, "at best, all this warning states that such ammunition *could* be harmful. At no time does this warning 'clearly' state high-velocity ammunition 'should not be fired in the revolver[.]'" Doc. 67, at 11. He suggests that the manual actually encourages consumers to test fire ammunition. *Id.* (quoting an excerpt of the manual that reads: "Other cartridges of various types or bullet weights may or may not function acceptably; such ammunition should be thoroughly tested by the user before relying on it.").

Taurus itself argued in response to Plaintiff's motion for partial summary judgment that the adequacy of a warning is ordinarily a question for the trier of fact. *Piper*, 883 P.2d at 414; *Dole Food Co.*, 935 P.2d at 880. The sufficiency of the warning in the Judge revolver manual is likewise at issue in Taurus's motion for summary judgment. The Court will deny Taurus's motion for summary judgment on the negligence and failure to warn claims because there remain genuine issues of material fact that could affect the outcome of this case.

**B.   Loss of Consortium.**

Loss of consortium is a derivative claim. *Barnes v. Outlaw*, 964 P.2d 484, 487 (Ariz. 1998). Taurus has not shown that it is entitled to summary judgment on Plaintiff's underlying claims. The Court will deny Taurus's motion for summary judgment on the loss of consortium claim.

**C.   Punitive Damages.**

In the complaint, Plaintiff asks for "general and special damages, and for appropriate punitive damages, in an amount to be determined at trial." Doc. 1-1, at 31. Recovery of punitive damages requires "[s]omething more than the mere commission of a tort[.]" *Rawlings v. Apodaca*, 726 P.2d 565, 578 (Ariz. 1986). The inquiry should focus on the wrongdoer's mental state, and the evidence must demonstrate the

1  defendant's "evil mind," plus conduct that is "outwardly aggravated, outrageous, malicious, or fraudulent." *Linthicum v. Nationwide Life Ins. Co.*, 723 P.2d 675, 679-80 (Ariz. 1986). A plaintiff seeking punitive damages may demonstrate the defendant's "evil mind" by showing the defendant intended to injure the plaintiff or, where injury was not intended, that the "defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to others." *Rawlings*, 726 P.2d at 578.

In ruling on a motion for summary judgment, the Court must view the evidence presented through the prism of the substantive evidentiary burden. *Anderson v. Liberty Lobby*, 477 U.S. 242, 254 (1986). The burden of proof for punitive damages is clear and convincing evidence. *Linthicum*, 723 P.2d at 681. No triable issue of fact exists if the plaintiff presents insufficient evidence for a jury to find an evil mind by clear and convincing evidence. *Liberty Lobby*, 477 U.S. at 254-55.

Taurus argues that, at most, a jury could reasonably conclude that it committed mere negligence, and that Plaintiff would not be entitled to punitive damages even if he established that Taurus was grossly negligent or reckless. Doc. 61, at 12-13. The Arizona Supreme Court has cautioned that "the extraordinary civil remedy of punitive damages" should be restricted to "only the most egregious of wrongs. 'A standard that allows exemplary awards based upon gross negligence or mere reckless disregard of the circumstances overextends the availability of punitive damages[.]'" *Linthicum*, 723 P.2d at 680 (quoting *Tuttle v. Raymond*, 494 A.2d 1353, 1361 (Me. 1985)).

Plaintiff argues that Taurus's actions and inactions show a wanton and willful disregard for the safety of others, which satisfies the evil mind requirement for punitive damages. Doc. 67, at 14. He alleges that Taurus posted multiple product reviews on its website despite knowing that the reviews contain inaccurate information because they help with sales. Doc. 67, at 14-15. Robert Morrison, Taurus's president, stated in his deposition that the statements on Taurus's website are supposed to be truthful and accurate, and are posted with the intent that people rely on the statements. Doc. 44-1, at 7 (Robert Morrison Depo. 18:9-11, 18:17-19:3). Morrison explained that Taurus

encourages reviews of its products because they help with sales. Doc. 68-5, at 18 (Robert Morrison Depo. 213:13-20). Morrison also admitted that the statements at issue in *American Hunter* and *Ultimate Gun Guide* are incorrect. Doc. 44-1, at 10, 13 (Robert Morrison Depo. 104:14-18, 109:10-15); *see also* Doc. 44-1, at 11 (Robert Morrison Depo. 105:7-13) ("Q: If this statement is inaccurate, why is it posted on your website as a product review? A: It appears that an error has been made in not correcting it, and that is the only thing I can say. Apparently, this one slipped by my attention."). Taurus did not address these allegations in its reply, and focused instead on the type of ammunition in the Judge revolver at the time of the incident and the adequacy of the warning in the product manual. Doc. 71, at 10.

The appropriate summary judgment question is whether the evidence in the record could support a reasonable jury finding that the plaintiff has shown an evil mind by clear and convincing evidence. *Liberty Lobby*, 477 U.S. at 255-56. Viewing the evidence in the light most favorable to Plaintiff, the Court cannot conclude that Plaintiff has presented evidence to support a finding of more than gross negligence. The Court accordingly will grant Taurus's motion for summary judgment on the punitive damages claim.

**IT IS ORDERED:**

1. Plaintiff's motion for partial summary judgment (Doc. 43) is **denied**.
2. Plaintiff's motion to strike (Doc. 50) is **denied**.
3. Defendant Taurus's motion for summary judgment (Doc. 61) is **granted in part and denied in part**, as set forth in this order.

Dated this 13th day of February, 2012.

_____
David G. Campbell
United States District Judge